UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ALLEN PERRY and LAWRENCE PERRY

Plaintiffs,

vs.

THE CITY OF NEW YORK, a municipal entity,
POLICE OFFICER ROBERTO ASSENCAO
(tax reg # 917254), POLICE OFFICERS JOHN
DOE and RICHARD ROE (names and number of whom
are unknown at present), and other unidentified members
of the New York City Police Department, New York City
Police Supervisors and Commanders RICHARD ROEs
1-50,

Defendants
------------------------------------------------------------X

FILED
CLERK

2013 JAN 25  AM 10: 16

U.S. DISTRICT COURT
EASTERN DISTRICT

CV 13-0436

**COMPLAINT**

**DEARIE, J.**

**JURY TRIAL
DEMANDED**

## PRELIMINARY STATEMENT

1.       This is a civil rights action in which the Plaintiffs, ALLEN PERRY and LAWRENCE

PERRY, seek relief for the Defendants' violation of their rights secured by the Civil Rights Act of

1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth, Fifth, Sixth

and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  Plaintiffs

were falsely arrested and maliciously prosecuted on felony narcotics charges by Defendant

ASSENCAO and other members of the New York City Police Department, JOHN DOE and

RICHARD ROE (names and number of whom are unknown at present) (hereinafter "Individual

Police Defendants").

2.       Defendant City of New York (hereinafter "Defendant CITY") is liable for the

individual Defendants' acts under the theory of *respondeat superior*.   At the time of the

1

incidents, they were acting under color of state law in the course and scope of their employment at Defendant CITY and/or the NYPD, an agency of Defendant CITY.

3.    As a result of the aforementioned constitutional violations, Plaintiffs suffered emotional, mental and psychological pain and suffering.

## JURISDICTION

4.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

5.    Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

6.    Plaintiffs are and were at all times relevant herein residents of the State of New York.

7.    Defendant ASSENCAO, tax reg # 917254, is and was at all times relevant herein an officer, employee, and agent of the NYPD.  On August 4, 2011, he was assigned to PSA 9.  He is being sued in his individual capacity.

8.    New York City Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the NYPD, are and were at all

2

times relevant herein officers, employees and agents of the NYPD.  Officers John Doe and

Richard Roe are being sued herein in their individual capacities for their participation in the false

arrest, malicious prosecution, and excessive force against Plaintiffs.

9.      New York City Police Supervisors and Commanders Richard Roes 1-50 are and

were at all times relevant herein involved in the false arrest and malicious prosecution of Plaintiff.

 They are sued individually and in their official capacities for their participation in the false arrest

and malicious prosecution of Plaintiffs.

10.      Each and all of the acts of the Defendants alleged herein were undertaken by said

Defendants while acting in the course and scope of their duties and functions as agents,

employees, and officers of Defendant CITY and/or the NYPD when engaging in the conduct

described herein.

11.      At all times relevant herein, Defendants acted for and on behalf of Defendant

CITY and/or the NYPD in furtherance of their employment by Defendant CITY, with the power

and authority vested in them as officers, agents and employees of Defendant CITY and/or the

NYPD and/or incidentally to the lawful pursuit of their duties as officers, employees and agents of

Defendant CITY and/or the NYPD.

12.      Defendant CITY is a municipal entity created and authorized under the laws of the

State of New York.  It is authorized by law to maintain a police department which acts as its agent

in the area of law enforcement and for which it is ultimately responsible.  Defendant CITY

assumes the risks incidental to the maintenance of a police force and the employment of police

officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

13.     At approximately 10:00 p.m., on August 4, 2011, Plaintiffs were inside of 14-01 36th Avenue, Apt 5A, Queens, New York.

14.     Neither Plaintiff lived at 14-01 36th Avenue, Queens, New York.

15.     Four other individuals were also inside the apartment – Melissa Vega, Edward Bristol, Jeanne Green, Darryl Privott and Maurice Milliam.

16.     Maurice Milliam lived at 14-01 36th Avenue, Apt 5A, Queens, New York.

17.     At approximately 10:00 p.m. on August 4, 2011, Defendant ASSENCAO and Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the NYPD, executed a search warrant and forcibly entered the apartment.

18.     Defendant ASSENCAO and Defendant Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the NYPD were dressed in plain clothes.  They wore helmets and bullet proof vests.

19.     They forcibly entered the premises with their guns drawn and began yelling and screaming at the Plaintiffs and all those inside.

20.     Plaintiffs were handcuffed and complied with all directions from Defendant ASSENCAO and Defendant Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the NYPD.

21.     While detained, Plaintiffs pleaded with Defendant ASSENCAO and Defendant Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the NYPD, to let them go as they had no knowledge of any criminal activity

4

at the apartment.

22.     While Plaintiffs were detained, Defendant ASSENCAO and Defendant Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the New York City Police Department allegedly recovered a quantity of marijuana and cocaine from the apartment.

23.     Despite Plaintiffs' pleadings Defendant ASSENCAO and Defendant Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the New York City Police Department placed Plaintiffs under arrest and transported them to a nearby precinct.

24.     Plaintiffs were charged with Criminal Possession of a Controlled Substance in the First Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Unlawful Possession of Marijuana.

25.     On August 4, 2011, Plaintiffs did not commit the crimes of Criminal Possession of a Controlled Substance in the First Degree or Third Degree, or Unlawful Possession of Marijuana. Rather, they were merely present inside the apartment when a search warrant was executed.

26.     All of the individuals inside the apartment were arrested at the scene and detained.

27.     Plaintiff was held at the local precinct for several hours.

28.     Despite having no probable cause to arrest and prosecute Plaintiff, Defendants New York City Police Supervisors and Commanders Richard Roes 1-50, who were the supervising officers, reviewed, approved, and ratified the arrest of Plaintiff.

29.     After being held at the precinct for several hours, Plaintiffs were transported to Queens Criminal Court. Plaintiffs spent the night of August 4, 2011 in jail. They were arraigned

on August 6, 2011 and plead not guilty. Bail was set on each Plaintiff.

30.    Plaintiffs could not post bail.

31.    On August 10, 2011, the Queens County District Attorney's Office dismissed all felony narcotics charges against Plaintiffs upon learning that the alleged recovered substances were not controlled substances.

32.    Plaintiff LAWRENCE PERRY was released after the Court granted the People's motion for a marijuana ACD.

33.    Plaintiff ALLEN PERRY was released after he plead guilty to a violation, disorderly conduct.

34.    Plaintiffs were detained on false felony narcotics offenses for approximately one week.

## Plaintiffs' Injuries and Damages

35.    As a direct and proximate consequence of the aforementioned actions by the Defendants, Plaintiffs:

(1) Suffered severe emotional and mental anguish and pain;

(2) Suffered psychological injuries;

(3) Was denied their state and federal constitutional rights and liberties;

(4) Was publicly shamed, disgraced, ridiculed and humiliated and suffered damage to reputation;

(5) Incurred substantial legal fees;

(6) Continues to suffer from psychological injuries, emotional and mental anguish and

6

pain; and

(7) Incurred other items of attendant damages.

## FIRST CAUSE OF ACTION

### Violation of Plaintiffs' Fourth and Fourteenth Amendment Rights

36.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37.   Defendants who were acting within the scope of their employment, arrested and caused Plaintiffs to be imprisoned without probable cause in violation of Plaintiffs' right to be free from unreasonable seizures under the Fourth Amendment to the Constitution of the United States and to be free of deprivations of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Malicious Prosecution/Fourth Amendment Rights

38.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs marked 1 through 37, with the same force and effect as if more fully set forth at length herein.

39.   The acts and conduct of the Defendants constitute malicious prosecution under the Fourth Amendment to the Constitution of the United States. Defendants commenced and continued a

criminal proceeding against Plaintiffs.  There was actual malice and an absence of probable cause for

the proceeding.  In addition, the proceeding terminated favorably to Plaintiffs when on August 10,

2011, all felony narcotics charges against Plaintiffs were dismissed.


## JURY DEMAND

40.   Plaintiffs hereby demand trial by jury of all issues properly triable thereby.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

b.      For compensatory damages in an amount to be determined;

c.      For punitive damages in an amount to be determined;

d.      For reasonable attorneys' fees, together with costs and disbursements, pursuant to §
        1988 and this Court's discretion;

e.      For pre-judgment interest as allowed by law; and

f.      For such other and further relief as this Court may deem just and proper.


DATED:       January 22, 2013
             New York, New York



                                           Yours, etc.

By: ANTHONY CECUTTI
(AC 5867)
100 Lafayette Street, Suite 401
New York, New York 10013
(917) 741-1837


TO:    CITY OF NEW YORK
       c/o Corporation Counsel
       100 Church Street
       New York, New York 10007

       DETECTIVE  ROBERTO ASSENCAO
       PSA 9

## ATTORNEY VERIFICATION

State of New York    )
                     )          ss.:
County of New York  )

ANTHONY CECUTTI, ESQ., an attorney duly admitted to practice before the courts of this district, affirms the following under penalty of perjury:

I am an attorney who represents the Plaintiffs in this action.  I have read the foregoing and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true.  The reason this verification is made by me and not by the plaintiffs is that they reside outside of New York County, the location of my offices.

ANTHONY CECUTTI

10